Filed 6/12/26  P. v. Castillo CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE,<br>        Plaintiff and Respondent,<br><br>        v.<br><br>ADRIAN CASTILLO,<br>        Defendant and Appellant. | C103079<br><br>(Super. Ct. No. 19FE020524) |

Appointed counsel for defendant Adrian Castillo has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

FACTS AND HISTORY OF THE PROCEEDINGS

A first amended felony information charged defendant with first degree murder (Pen. Code, § 187, subd. (a); count one [statutory section citations that follow are to the Penal Code], and attempted murder (§§ 664/187, subd. (a); count two).  As to count one, the information alleged the special circumstance that the murder was perpetrated by discharging a firearm from a motor vehicle (§ 190.2, subd. (a)(21)).  As to both counts, the information alleged three firearm enhancements (§ 12022.53, subds. (b), (c), (d)).  The jury found defendant guilty of both counts and found the firearm enhancements and the special circumstance true.  The trial court declined defendant's request to dismiss

1

enhancements under section 1385. The court sentenced defendant to life without the possibility of parole on count one, a consecutive middle term of seven years on count two, 25 years to life for both of the section 12022.53, subdivision (d) firearm enhancements, and stayed sentences on the remaining enhancements, for a total prison term of life without parole plus 57 years to life.

In his first appeal, this court summarized the underlying facts as follows: "When defendant was 23 years old, he shot at a car from another car, striking the passenger in the face and legs and fatally striking the driver; defendant continued firing shots even after the car he shot at crashed." (*People v. Castillo* (Feb. 15, 2024, C095889) [nonpub. opn.].) Defendant contended the trial court erred in not striking the firearm enhancements under section 1385 and claimed he was entitled to make a record of relevant evidence to be considered at a youth offender parole hearing under section 3051. (*Ibid.*) We concluded the trial court abused its discretion under section 1385, vacated the sentence, and remanded the matter to the trial court to determine whether dismissal of any of the enhancements would endanger public safety, and in so doing, consider when defendant could be released and whether such release is contingent on future considerations of public safety. (*Ibid.*) If the trial court did not find a likelihood that dismissal of an enhancement would result in physical injury or serious danger to others, the court should perform the remaining analysis under section 1385, subdivision (c)(2). (*Ibid.*) We concluded that the trial court must consider defendant's request to memorialize youthful offender evidence consistent with section 3051 at a full resentencing hearing on remand. (*Ibid.*)

In April 2024, the remittitur and our opinion were filed with the trial court. The parties submitted resentencing briefs, and, in January 2025, the trial court conducted a resentencing hearing.

The trial court declined to dismiss the enhancements. In conformance with this court's directive, the trial court first determined that, "the fact that if the defendant should

2

one day become parole eligible, both his age at that point and the necessity of his release being tied to the parole board's independent finding that he no longer presents a danger to the community, prevents this Court from finding that dismissal of the Penal Code section 12022.53 enhancements would endanger public safety."

The trial court continued that, "[t]he same, however, cannot be said when the dismissal of those enhancements is viewed through the lens of the interest of justice." The court noted that in *People v. Walker* (2024) 16 Cal.5th 1024, 1029 the California Supreme Court held that, absent a finding that dismissal would endanger public safety, the sentencing court retains discretion to impose an enhancement provided the court finds substantial, credible evidence of countervailing factors that may neutralize even the great weight of the mitigating circumstances such that dismissal of the enhancement is not in the interest of justice.

In this case, the trial court identified as mitigating circumstances that defendant lacked a criminal record (California Rules of Court, rule 4.423 (b)(1) [rule references that follow are to California Rules of Court]), defendant was 23 years old at the time of the crime (*id.*, (b)(6)), and multiple enhancements had been charged (*id.*, (b)(11)). Balanced against mitigating factors, the trial court enumerated the following aggravating factors: the crime involved great violence, threat and infliction of great bodily harm, and disclosed a high degree of cruelty, viciousness, and callousness (rule 4.421 (a)(1)); defendant armed himself and used a firearm (*id.*, (a)(2)); the victims were vulnerable due to the unsuspected nature of the attack (*id.*, (a)(3)); defendant induced a third party, a minor, to participate in the sale of firearms and the shooting (*id.*, (a)(4), (5)); defendant used two different firearms to kill one victim and shoot the other in the face, and the manner in which he chased down the victim's vehicle indicated planning, professionalism, and sophistication (*id.*, (a)(8)); and the events and shooting indicated defendant engaged in violent conduct that indicated a serious danger to society (*id.*, (b)(1)).

The trial court summarized the evidence supporting these countervailing factors as: "The cold, calculated murder of one individual; the attempted murder of a second victim, all over a street sense of justice over the failure to pay a full purchase price, that demanded death as a fair compensation for the slight; the callous disregard for the lives of the three passengers in the backseat of the victim's vehicle; the defendant's use of multiple firearms, to wit, a 9-millimeter pistol and a .45-caliber pistol; firing a total of 16 separate shots from both firearms to complete his multi-faced [*sic*] attack on the victim's car. An attack that occurred on a public street, with other vehicles and people present in the vicinity of the shooting, the defendant's post-shooting efforts to secret the gun[s] used in the attack by passing them off to a friend, who, in turn, passed them off to a third person, who disassembled the guns. [¶] Mr. Castillo's directive to that individual to whom he gave the guns at the outset, to hide and delete any online references to their ongoing efforts. The defendant's possession and use in the attack of a .45-caliber Glock that he modified, making it fully automatic, and therefore, more deadly. [¶] Finally, the defendant's ongoing involvement, as previously noted, in trafficking firearms at the time of the killing, a pursuit that I've already indicated resulted in the underlying events of that evening."

Based on these factors, the trial court found substantial evidence neutralized the great weight of the mitigating circumstance such that dismissal of the enhancements is not in furtherance of justice.

Turning to defendant's request for a youth offender parole hearing under section 3051 and *People v. Franklin* (2016) 63 Cal.4th 261, the trial court determined defendant was ineligible because the statute's exclusion of youthful offenders serving a term of life without parole did not violate equal protection.

Given the trial court's determinations, it resentenced defendant to the same term as previously imposed. Defendant was awarded 851 days credit to the date of the original sentencing plus 1,058 days to the date of resentencing for a total of 1,909 days. The trial

4

court imposed a restitution fine of $1,000 (§ 1202.4) and imposed and stayed a parole revocation fine in the same amount (§ 1202.45), and also imposed minimum mandatory fines and fees.

Defendant filed a timely notice of appeal. We granted defendant's request to incorporate by reference the record in *People v. Castillo, supra*, C95889.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

/s/ _____
HULL, Acting P. J.

We concur:

/s/ _____
RENNER, J.

/s/ _____
BOULWARE EURIE, J.

5